Index No. 11 Civ. 2604 (LTS) (DCF)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

LEVAR T. HENRY

                                        Plaintiff,

- against -

SECURITY CAPTAIN MICHAEL WILLIAMS, Shield No. 820; CAPTAIN GAMBLE, Shield No. 88; C.O. LAMAR, Shield No. 18472; C.O. MOHR, Shield No. 17362; C.O. LEOCARDIO ARIAS, Shield No. 17955; ACTING WARDEN CARLTON NEWTON; CAPTAIN CRUZ; CAPTAIN MERCEL, Shield No. 381; CAPTAIN KELLY; DEPUTY WARDEN ELISEO PEREZ, JR.; CAPTAIN SHERMA DUNBAR, Shield No. 717; C.O. CAMPBELL, Shield No. 18645; CAPTAIN BANKS, Shield No. 819; C.O. JOHNSON, Shield No. 8461; C.O. MCKELLER, Shield No. 10049; C.O. DAVIS, Shield No. 15633; and THE CITY OF NEW YORK

                                        Defendants.

**DEFENDANT THE CITY OF NEW YORK'S MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION TO DISMISS**

*MICHAEL A. CARDOZO*
*Corporation Counsel of the City of New York*
*Attorney for Defendants*
*100 Church Street*
*New York, N.Y. 10007*

*Of Counsel: Elissa Beth Jacobs*
*Tel: (212) 788-0899*
*Matter No. 2011-018401*

# TABLE OF CONTENTS

| | Page |
|---|---|
| TABLE OF AUTHORITIES | ii |
| PRELIMINARY STATEMENT | 1 |
| STATEMENT OF FACTS | 1 |
| RULE 12(B)(6) LEGAL STANDARDS | 2 |
| ARGUMENT | |
|     PLAINTIFF FAILED TO COMPLY WITH 28 U.S.C. § 1915 BY COMMITTING PERJURY IN SUPPORT OF HIS APPLICATION TO PROCEED *IN FORMA PAUPERIS* | 3 |
| CONCLUSION | 7 |

# TABLE OF AUTHORITIES

**Cases** **Pages**

*Abbas v. Dixon,*
  480 F.3d 636 (2d Cir. 2007)...................................................................................... 2

*ATSI Commc'ns, Inc. v. Shaar Fund, Ltd.,*
  493 F.3d 87 (2d Cir. 2007)........................................................................................ 2

*Bell Atl. Corp. v. Twombly,*
  550 U.S. 544 (2007).................................................................................................. 2

*Brass v. Am. Film Techs., Inc.,*
  987 F.2d 142 (2d Cir. 1993)...................................................................................... 2

*CBS Broad., Inc. v. Jones,*
  460 F. Supp. 2d 500 (S.D.N.Y. 2006)....................................................................... 3

*Chambers v. Time Warner, Inc.,*
  282 F.3d 147 (2d Cir. 2002)................................................................................. 2, 3

*Cleveland v. Caplaw Enters.,*
  448 F. 3d 518 (2d Cir. 2006)..................................................................................... 2

*Cuoco v. U.S. Bureau of Prisons,*
  328 F. Supp. 2d 463 (S.D.N.Y. 2004)................................................................ 3, 4, 5

*Dawson v. Lennon,*
  797 F.2d 934 (11th Cir. 1986) .................................................................................. 4

*Iqbal v. Ashcroft,*
  129 S. Ct. 1937 (2009).............................................................................................. 2

*Levar Henry v. City of New York, et al.,*
  10 Civ. 816 (SDNY) ............................................................................................. 1, 2

*Levar Henry v. Fischer, et al.,*
  10 Civ. 3822 (SDNY) ............................................................................................... 2

*Paul McIntosh v. Dep. Canty, et al.,*
  10 Civ. 7766 (SDNY, April 4, 2011)........................................................................ 5

*Saidin v. N.Y. City Dep't of Educ.,*
  498 F. Supp. 2d 683 (S.D.N.Y. 2007)....................................................................... 2

*Sellers v. M.C. Floor Crafters, Inc.,*
  842 F.2d 639 (2d Cir. 1988)...................................................................................... 2

| Cases | Pages |
|---|---|
| *Smith v. City of New York, et al.*, 11 Civ. 418 (SDNY, August 5, 2011) (L. Swain, J.) | 4 |
| *Thomas v. GMAC*, 288 F.3d 305 (7th Cir. 2002) | 4 |
| *Vann v. New York City Commissioner of Corrections, et al.*, 10 Civ. 4601 (SDNY, April 5, 2011) | 4 |

**Statutes**

| | |
|---|---|
| 28 USC §1915 | 3, 5 |
| 28 USC § 1915(a)(1) | 3 |
| 28 USC § 1915(d) | 4 |
| 28 USC § 1915(e) | 4 |
| 28 USC. §1915(e)(2)(A) | 1, 3-4 |
| Fed. R. Civ. P. 10(c) | 3 |
| Fed. R. Civ. P. 12(b)(6) | 2 |
| Fed. R. Evid. 201 | 3 |

## PRELIMINARY STATEMENT

This Court permitted plaintiff to bring this action *in forma pauperis* ("IFP") based on plaintiff's sworn statement that he was virtually destitute.[1] But plaintiff lied on his IFP application by failing to mention that some two and a half months earlier he received $6,000 in connection with a settlement of an unrelated case. As such, plaintiff's action should be dismissed with prejudice under 28 USC. § 1915(e)(2)(A) because plaintiff misrepresented his financial condition to obtain IFP status.

## STATEMENT OF FACTS

In February 2010, plaintiff filed a lawsuit against The City of New York and several corrections officers. See *Levar Henry v. City of New York, et al.*, 10 Civ. 816 (SDNY). In December 2010, plaintiff settled that lawsuit for $6,000.00. See Ex. A. On January 21, 2011, the City's Office of the Comptroller sent the plaintiff a check for $6,000. See copy of check, Ex. B. This check was deposited in a Sing Sing Correctional Facility account.[2] See copy of Inmate Account Statement, Ex. C.

Two and a half months later, on April 5, 2011, plaintiff filed this lawsuit and petitioned the Court to proceed IFP to avoid paying a filing fee as a prerequisite to filing his complaint. In his declaration, plaintiff swore under penalty of perjury that, other than "$12.00 per month from programming" received at Sing Sing, he had not received any income from any other source. See Ex. D. He also declared that he had "no money in checking or savings

---

[1] All references to exhibits are to those annexed to the Declaration of Elissa B. Jacobs dated August 29, 2011 ("Jacobs Decl."), unless noted otherwise.

[2] Plaintiff also received an additional $193 in deposits between October 30, 2011 and March 31, 2011. See Ex. C.

account." Id. On April 22, 2011, the Court granted plaintiff leave to proceed without payment of fees. Dkt. No. 1.

Plaintiff had previously applied for and been granted permission to proceed IFP in two previous lawsuits. See *Levar Henry v. City of New York, et al.*, 10 Civ. 816 (SDNY) and *Levar Henry v. Fischer, et al.*, 10 Civ. 3822 (SDNY).

## RULE 12(B)(6) LEGAL STANDARDS

In considering a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), courts accept all factual allegations in the complaint as true and draw all reasonable inferences in the plaintiff's favor. *Chambers v. Time Warner, Inc.*, 282 F.3d 147, 152 (2d Cir. 2002). To survive such a motion, a plaintiff must set forth factual allegations "sufficient 'to raise a right to relief above the speculative level.'" *Iqbal v Ashcroft*, 129 S. Ct. 1937 (2009); *ATSI Commc'ns, Inc. v. Shaar Fund, Ltd.*, 493 F.3d 87, 98 (2d Cir. 2007) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). While *pro se* pleadings are to be construed liberally and read to raise the strongest arguments that they suggest, see, e.g., *Abbas v. Dixon*, 480 F.3d 636, 639 (2d Cir. 2007), this does not relieve *pro se* plaintiffs of the requirement of providing enough facts to "nudge[] their claims across the line from conceivable to plausible," *Bell Atl.*, 550 U.S. at 570, or of otherwise complying with pleading standards. See *Saidin v. N.Y. City Dep't of Educ.*, 498 F. Supp. 2d 683, 687 (S.D.N.Y. 2007).

A court's consideration of a Rule 12(b)(6) motion includes not only the factual allegations contained in the pleadings, but also documents attached to the pleadings or incorporated by reference, documents plaintiff either possessed or knew of and relied on in drafting the complaint, and matters of public record of which judicial notice can be taken. See, e.g., *Cleveland v Caplaw Enters.*, 448 F.3d 518 at 521 (2d Cir. 2006); *Chambers*, 282 F.3d at 152-53 (finding that materials should not be considered on 12(b) motion where plaintiff may

"lack [] notice that the material may be considered."); *Brass v. Am. Film Techs., Inc.*, 987 F.2d 142, 150 (2d Cir. 1993); *Sellers v. M.C. Floor Crafters, Inc.*, 842 F.2d 639, 642 (2d Cir. 1988); *CBS Broad., Inc. v. Jones*, 460 F. Supp. 2d 500, 504 (S.D.N.Y. 2006); see generally Fed. R. Civ. P. 10(c) ("A copy of a written instrument that is an exhibit to a pleading is a part of the pleading for all purposes."); Fed. R. Evid. 201 (defining types of facts subject to judicial notice as those "either (1) generally known within the territorial jurisdiction of the trial court or (2) capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned"). Thus, because plaintiff misrepresented his income during the relevant period, under penalty of perjury, and signed an authorization for the account history to be obtained from DOC by the Court, the Court may properly consider the documents annexed to the Jacobs Declaration. See *Chambers*, 282 F.3d at 152-53.

## ARGUMENT

### PLAINTIFF FAILED TO COMPLY WITH 28 U.S.C. § 1915 BY COMMITTING PERJURY IN SUPPORT OF HIS APPLICATION TO PROCEED *IN FORMA PAUPERIS*

Plaintiff's IFP status should be revoked and the action dismissed with prejudice for plaintiff's failure to comply with 28 USC § 1915. "Dismissal with prejudice is appropriate when an applicant misrepresents [his] financial arrangements in bad faith to obtain IFP status." *Cuoco v. U.S. Bureau of Prisons*, 328 F. Supp. 2d 463, 468 (S.D.N.Y. 2004). See also *Vann v. NYC D.O.C.A. Commissoner, et al.*, 10 Civ. 6777 (S.D.N.Y., August 9, 2011) (dismissing plaintiff's case with prejudice for failure to disclose money received in a settlement with the City

3

three months prior to applying for IFP status) ("*Vann II*")[3]. The IFP statute permits "commencement . . . of any suit. . . without prepayment of fees or security therefore, by a person who submits an affidavit that includes a statement of all assets such prisoner possesses and that the person is unable to pay such fees or give security therefore." 28 USC § 1915(a)(1). To "discourage abuse of this privilege, the statute provides that 'notwithstanding any filing fee, or any portion thereof, that may have been paid, the court *shall* dismiss the case at any time if the court determines that the allegation of poverty is untrue." *Cuoco* at 467, quoting 28 USC § 1915 (e)(2)(A).[4] "The purpose of this provision is to weed out the litigants who falsely understate their net worth in order to obtain in forma pauperis status when they are not entitled to that status based on their true net worth." *Cuoco* at 467. The Court continued, "It is well-established that an allegation of poverty is untrue when an IFP applicant conceals a source of income in order to gain access to a court without prepayment of fees." *Cuoco*, 328 F. Supp 2d at 468 (citing *Thomas v. GMAC*, 288 F.3d 305, 306 (7th Cir. 2002); *Dawson v. Lennon*, 797 F.2d 934, 934 (11th Cir. 1986) (affirming dismissal pursuant to IFP statute where applicant lied about his property and financial holdings to obtain IFP status).

In *Vann II*, the Court dismissed the complaint with prejudice because plaintiff failed to disclose in his IFP application that three months prior to seeking IFP certification, he received $10,114 in settlement agreements with the City related to separate claims. Id. Courts in this district have repeatedly dismissed cases with prejudice where prisoners have failed to

---

[3] A copy of this decision is attached hereto as Exhibit E.

[4] The 1996 amendment to the IFP statute reinforced the mandatory nature of the requirement of dismissal for false allegations of poverty. Compare 28 USC §1915(e) ("shall dismiss"), with former statute 28 USC §1915(d) ("may dismiss").

4

disclose smaller sums of money in their IFP applications. See, e.g., *Vann v. New York City Commissioner of Corrections, et al.*, 10 Civ. 4601 (SDNY, April 5, 2011) (Dismissing plaintiff's claims with prejudice where Vann declared under penalty of perjury that his only source of income in the preceding twelve months was thirty dollars from his mother-in-law, but his inmate transaction list revealed that $2,059.10 was deposited during the same time period, as the Court found that he intentionally concealed the income); *Paul McIntosh v. Dep. Canty, et al.*, 10 Civ. 7766 (SDNY, April 4, 2011) (Dismissing plaintiff's claim with prejudice and finding that he intentionally concealed $3,970 deposited in his account, but stating that he only received $400 from a friend during the preceding twelve months). Others have dismissed cases without prejudice, provided that plaintiff can "offer some explanation for the omission and misrepresentation" on their IFP applications. *Smith v. City of New York, et al.*, 11 Civ. 418 (SDNY, August 5, 2011) (Swain, J.) (Plaintiff's claims were dismissed without prejudice where he responded "N/A" to the question "Have you received, within the past twelve months, any money from any source?", but $832 was deposited into his account in the six months prior to applying for IFP status); *Rodriguez v. Shiro*, 10 Civ. 8019 (SDNY, July 18, 2011) (Swain, J.) (Dismissing plaintiff's claims without prejudice where he responded "N/A" to the question "Have you received, within the past twelve months, any money from any source?", but $3,770 was deposited into his account in the twelve months prior to applying for IFP status.)[5]

Here, plaintiff submitted a sworn declaration—under penalty of perjury—that he had no source of monetary funds (with the exception of employment income as set forth in his declaration), that he had 'no money in checking or savings account," and was "unable to pay the

---

[5] A copy of these decisions is attached hereto as Exhibits F, G, H and I, respectively.

costs of said proceeding or to give security therefore." See IFP declaration. Despite the requirements of 28 USC § 1915 that he give a statement of all assets that he possesses, plaintiff did not disclose that he had received $6,000.00 from the City a mere two and half months prior to swearing to this statement, of which over $5,500 remained in his account just days prior to filing for IFP status.[6] See Ex. C.

Plaintiff has "deliberately concealed [his] finances and misrepresented on [his] IFP application to convey the impression that [he] could not pay the filing fee[s]." *Cuoco* at 467. Plaintiff, an experienced litigant who had applied for IFP status in at least two prior cases, can provide no adequate explanation for these omissions and misrepresentations. Plaintiff should be stopped from continuing to "deceive this Court." *Id.* at 469. The complaint should be dismissed with prejudice.

---

[6] Plaintiff seems to be responding to the "Request to Proceed *In Forma Pauperis*" form promulgated by the Southern District of New York. Question 3 asks "[h]ave you received, within the past twelve months, any money from any source?" in two ways: "Are you receiving any public benefits" and "Do you receive any income from any other source?" Plaintiff in a misleading fashion only answered the first part of the question, stating that he is "not receiving any public benefits."

## CONCLUSION

For the reasons set forth above, defendant The City of New York respectfully requests that its motion to dismiss be granted, that plaintiff's complaint be dismissed in its entirety with prejudice, and that defendant be awarded such other and further relief as this Court deems just and proper.

Dated: New York, New York
August 29, 2011

Respectfully submitted,

MICHAEL A. CARDOZO
Corporation Counsel of the City of New York
*Attorney for Defendant*
THE CITY OF NEW YORK
100 Church Street, Room 3-166
New York, N.Y. 10007
(212) 788-0899
Fax: (212) 788-9776
ejacobs@law.nyc.gov

By: _____
Elissa B. Jacobs
Special Assistant Corporation Counsel