UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

LEVAR T. HENRY,

                Plaintiff,

   -against-

MICHAEL WILLIAMS, et al.,

                Defendants.

No. 11 Civ. 2604 (LTS)(DCF)

**ORDER**

       Plaintiff Levar T. Henry, proceeding pro se, brings this action pursuant to 42 U.S.C. § 1983 against several Department of Corrections employees and the City of New York ("the City") (collectively, "Defendants"), alleging assault, battery, retaliation, and deprivation of due process. On April 5, 2011, Plaintiff submitted an application to proceed in forma pauperis ("IFP") in which he stated, under penalty of perjury, that he received "$12.00 per month for programming" at the facility, that he received no public benefits, and that he had "no money in [a] checking or savings account." (ECF No. 1). The City now moves to dismiss the complaint on the grounds that Plaintiff misrepresented his financial condition by failing to disclose that, on January 21, 2011, he received approximately $6,000 in connection with a settlement in an unrelated case. For the following reasons, the motion is denied.

       The IFP statute provides that "the court shall dismiss the case at any time if the court determines that . . . the allegation of poverty is untrue." 28 U.S.C. § 1915(e)(2)(A) (West 2010). "The purpose of this provision is to weed out the litigants who falsely understate their net worth in

order to obtain in forma pauperis status when they are not entitled to that status based on their true net worth." Cuoco v. U.S. Bureau of Prisons, 328 F. Supp. 2d 463, 467 (S.D.N.Y. 2004) (internal citations and quotations omitted). Courts will dismiss the complaint with prejudice where the misrepresentation is in bad faith. Id. at 468.

The City has failed to demonstrate that Plaintiff's allegation of poverty is untrue, or that his failure to disclose the settlement proceeds was in bad faith. The City's own exhibits show that, at the time Plaintiff filed to proceed IFP, he had $5,593 in his inmate account (Ex. C) – an amount that appears to represent his entire net worth.[1] This sum is too modest to undermine Plaintiff's allegation of poverty. In addition, there is no indication that Plaintiff deliberately sought to misrepresent his net worth to avail himself of the IFP statute. Plaintiff contends that his mistake was an innocent one: he explains that he was time-pressed and could not find an unused IFP request form, so he hurriedly typed his own. He asserts that he denied having funds in a checking or savings account because he did not believe that his inmate account qualified as either – a misapprehension that is not implausible. In typing out his sworn statement, he omitted the portion of the standard IFP form that asks applicants to declare "any money from any source." The City's suggestion that this omission was self-serving ignores the fact that Plaintiff also signed a Prisoner Authorization form which authorized the deduction of the full filing fee from his account. In fact, the $350 filing fee was collected from his account within six months of his filing the IFP application. (Ex. J, attached to Pl.'s Opp.).

Accordingly, the City's motion to dismiss is denied. This order resolves docket

---

[1] The City does not dispute Plaintiff's averment that he has no funds in an outside checking or savings account, that he does not receive any public benefits, and that his monthly income is $12.

entry 33.

Dated: New York, New York
      January 26, 2012

                                                          /s/
                                         LAURA TAYLOR SWAIN
                                         United States District Judge