USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: AUG 24 2012

Swain, J

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------ x

LEVAR HENRY,

                              Plaintiff,

                    -against-

THE CITY OF NEW YORK, ET AL.,

                           Defendants.

------------------------------------------------------------------ x

**CONFIDENTIALITY STIPULATION AND ORDER**

11 CV 2604 (LTS) (DF)

       **WHEREAS**, Plaintiff has sought certain documents, items and/or information from Defendants in this action, documents which Defendants deem confidential; and

       **WHEREAS**, Defendants will only produce these documents, items and/or information if appropriate protection for their confidentiality is assured; and

       **WHEREAS**, good cause exists for the entry of an order pursuant to Rule 26(c) of the Federal Rules of Civil Procedure;

       **NOW, THEREFORE, IT IS HEREBY STIPULATED AND AGREED**, by and between the attorney for Plaintiff and Defendants, as follows:

       1.    As used herein, "Confidential Materials" shall mean New York City Department of Corrections ("DOC") personnel and disciplinary-related records, and records of investigations regarding the conduct of Members of the Service of DOC conducted by DOC or other agency, and other documents and/or items that may, during the pendency of this litigation, be designated "Confidential Material" by Defendants or the Court, except that such documents and information shall not be deemed "Confidential Materials" to the extent, and only to the

extent, that they are (a) obtained by Plaintiff from sources other than Defendants, or (b) are otherwise publicly available.

2.  Plaintiff's attorney shall not use the Confidential Materials for any purpose other than for the preparation or presentation of Plaintiff's case in this action.

3.  Plaintiff's attorney shall not disclose the Confidential Materials to any person not a member of the staff of their law office, except under the following conditions:

> a.  Disclosure may be made only if necessary to the preparation or presentation of Plaintiff's case in this action.
>
> b.  Disclosure before trial may be made only to Plaintiff, to an expert who has been retained or specially employed by Plaintiff's attorney in this action in anticipation of litigation or preparation for this action, to a witness at deposition, or to the Court.
>
> c.  Before any disclosure is made to a person listed in subparagraph (b) above (other than to the Court), Plaintiff's attorney shall provide each such person with a copy of this Stipulation and Protective Order, and such person shall consent in writing, in the form annexed hereto as Exhibit A, not to use the Confidential Materials for any purpose other than in connection with the prosecution of this case and not to further disclose the Confidential Materials except in testimony taken in this case. The signed consent shall be retained by Plaintiff's attorney and a copy shall be furnished to Defendants' attorneys upon their request.

4.  Deposition testimony concerning any Confidential Materials that reveals the contents of such materials shall be deemed confidential, and the transcript of such testimony,

together with any exhibits referred to therein, shall be separately bound, with a cover page prominently marked "CONFIDENTIAL." Such portion of the transcript shall be deemed to be Confidential Materials within the meaning of this Stipulation and Protective Order.

5. The parties agree that, if any papers that incorporate Confidential Materials or reveal the contents thereof, are to be filed with the Court, the parties shall make a joint application to the Court for permission to file those papers under seal. Upon receipt of permission, the parties shall follow the District Court protocol for filing under seal.

6. Within thirty (30) days after the termination of this case, including any appeals, the Confidential Materials, including all copies, notes, and other materials containing or referring to information derived therefrom, shall be returned to Defendants' attorneys or, upon their consent, destroyed, and all persons who possessed such materials shall verify their return or destruction by affidavit furnished to Defendants' attorneys.

7. This stipulation shall be binding upon the parties immediately upon signature, and shall be submitted to the Court for entry as an Order.

8. Nothing in this Stipulation and Protective Order shall be construed to limit Defendants' use of the Confidential Materials in any manner.

9. Plaintiff's counsel shall keep confidential for "attorney's-eyes-only" the address, telephone number, social security number, date of birth, and other personal information regarding witnesses identified by the production of documents or otherwise identified in the course of this litigation. Such information shall be used only by the attorney or his law firm or agents for the purpose of communication with witnesses or the service of subpoenas, and shall not be disclosed to plaintiff, his family members, or other persons, and such information shall not be include in documents publicly filed with the Court.

Dated: New York, New York
August 22, 2012

Pete Shen, Esq.
*Attorney for Plaintiff*
Wilmer Hale
250 Greenwich Street,
New York, NY 10007
(212) 230-8895

By: _____
PETE SHEN

MICHAEL A. CARDOZO
Corporation Counsel of the
   City of New York
*Attorney for Defendants*
100 Church Street
New York, New York 10007
(212) 788-0899

By: _____
ELISSA B. JACOBS
Assistant Corporation Counsel

SO ORDERED:

_____, PART I
THE HONORABLE LAURA T. SWAIN
UNITED STATES DISTRICT JUDGE
ALISON J. NATHAN

- 4 -