UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------x

LEVAR HENRY,

                              Plaintiff,

-against-

SECURITY CAPTAIN MICHAEL WILLIAMS,
Shield No. 820; CAPTAIN GAMBLE, Shield No. 88;
C.O. LAMAR, Shield No. 18472; C.O. MOHR,
Shield No. 17362; C.O. LEOCARDIO ARIAS,
Shield No. 17955; ACTING WARDEN CARLTON
NEWTON; CAPTAIN CRUZ; CAPTAIN MERCEL,
Shield No. 381; CAPTAIN KELLY; DEPUTY
WARDEN ELISEO PEREZ, JR.; CAPTAIN
SHERMA DUNBAR, Shield No. 717; C.O.
CAMPBELL, Shield No. 18645; CAPTAIN BANKS,
Shield No. 819; C.O. JOHNSON, Shield No. 8461;
C.O. MCKELLER, Shield No. 10049; C.O. DAVIS,
Shield No. 15633; and THE CITY OF NEW YORK,
Defendants.,

                              Defendants.

------------------------------------------------------------------x

**STIPULATION OF SETTLEMENT AND ORDER OF DISMISSAL**

11 Civ. 2604 (LTS) (DCF)

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: NOV 14 2012

**WHEREAS,** plaintiff commenced this action by filing a complaint on or about April 5, 2011, alleging that the defendants violated plaintiff's federal civil and state common law rights; and

**WHEREAS,** defendants Security Captain Williams, Captain Gamble, C.O. Lamar, C.O. Mohr, C.O. Arias, Acting Warden Newton, Captain Crewz, Captain Mercel, Captain Kelly, Deputy Warden Perez, Jr, Captain Dunbar, C.O. Camptell, Captain Banks, C.O. Johnson, C.O. McKeller, C.O. Davis and The City of New York have denied any and all liability arising out of plaintiff's allegations; and

**WHEREAS**, the parties now desire to resolve the issues raised in this litigation, without further proceedings and without admitting any fault or liability; and

**WHEREAS**, plaintiff has authorized his counsel to settle this matter on the terms set forth below;

**NOW, THEREFORE, IT IS HEREBY STIPULATED AND AGREED**, by and between the undersigned, as follows:

1. The above-referenced action is hereby dismissed against defendants, with prejudice, and without costs, expenses, or attorneys' fees in excess of the amount specified in paragraph "2" below.

2. Defendant City of New York hereby agrees to pay plaintiff Levar Henry the sum of Forty Thousand ($40,000.00) Dollars in full satisfaction of all claims, including claims for costs, expenses and attorneys' fees. In consideration for the payment of this sum, plaintiff agrees to dismissal of all the claims against the defendants and to release the defendants and any present or former employees and agents of the City of New York or any entity represented by the Office of the Corporation Counsel, from any and all liability, claims, or rights of action alleging a violation of plaintiff's civil rights and any and all related state law claims, from the beginning of the world to the date of the General Release, including claims for costs, expenses, and attorneys' fees, with the exception of claims asserted in *Levar T. Henry v. City of New York, Captain "John" Cruz, Badge Number 1207, and Warden Michelle Mack*, Supreme Court of the State of New York, Bronx County, Index No. 304637/09.

3. Plaintiff shall execute and deliver to defendant City of New York's attorney all documents necessary to effect this settlement, including, without limitation, a General Release based on the terms of paragraph 2 above and an Affidavit of Status of Liens. If

2

4. Nothing contained herein shall be deemed to be an admission by the defendants that they have in any manner or way violated plaintiff's rights, or the rights of any other person or entity, as defined in the constitutions, statutes, ordinances, rules or regulations of the United States, the State of New York, or the City of New York or any other rules or regulations of any department or subdivision of the City of New York. This stipulation shall not be admissible in, nor is it related to, any other litigation or settlement negotiations.

5. Nothing contained herein shall be deemed to constitute a policy or practice of the City of New York or any agency thereof.

6. Plaintiff agrees to hold harmless defendants regarding any liens or past and/or future Medicare payments, presently known or unknown, in connection with this matter. If conditional and/or future anticipated Medicare payments have not been satisfied, defendants reserve the right to issue a multiparty settlement check naming Medicare as a payee or to issue a check to Medicare directly based upon Medicare's final demand letter.

7. This Stipulation and Order contains all the terms and conditions agreed upon by the parties hereto, and no oral agreement entered into at any time nor any written agreement entered into prior to the execution of this Stipulation and Order regarding the subject matter of the instant proceeding shall be deemed to exist, or to bind the parties hereto, or to vary the terms and conditions contained herein.

Dated: New York, New York
November 2, 2012

| | |
|---|---|
| WilmerHale LLP<br>7 World Trade Center<br>250 Greenwich Street<br>New York, NY 10007 | MICHAEL A. CARDOZO<br>Corporation Counsel of the<br>City of New York<br>*Attorney for Defendants City of New York,*<br>*Williams, Gamble, Lamar, Mohr, Arias,*<br>*Newton, Cruz, Mercel, Kelly, Perez, Jr.,*<br>*Dunbar, Campbell, Banks, Johnson and*<br>*Davis*<br>100 Church Street, Rm. 3-156<br>New York, New York 10007 |
| By: _____<br>Pete Shen | By: _____<br>Elissa Jacobs<br>*Assistant Corporation Counsel* |

The Clerk of Court is requested to close this case.
SO ORDERED:

_____
HON. LAURA TAYLOR SWAIN
UNITED STATES DISTRICT JUDGE

Dated: New York, New York
Nov 13, 2012

4